# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Thomas J. Harris, Wanda O. Harris, Individually and, Their Representative Capacities, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 2:08-CV-3692-PMD |
| Option One Mortgage Corporation, H&R Block, Inc., and American Home Mortgage Servicing, Inc., | ) ) ) ) | **<u>ORDER</u>** |
| Defendants. | ) ) | |

This action arises out of the adjustable rate mortgage Plaintiffs Thomas J. Harris and Wanda O. Harris received from Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation after refinancing their primary residence. Plaintiffs commenced this proposed class action lawsuit against H&R Block, Inc., Sand Canyon Corporation, and American Home Mortgage Servicing, Inc. based on their alleged violations of certain consumer protection laws, and they seek "redress for the unfair and deceptive origination and servicing of adjustable rate loans secured by mortgages in South Carolina and for declaratory and injunctive relief to end those practices and prevent further losses to the Class and future borrowers." (Compl. ¶ 1.) Defendant H&R Block, Inc. now moves the court to dismiss it from this suit based on the court's lack of jurisdiction over its person, and American Home Mortgage Servicing, Inc. moves the court to dismiss them from this suit based on Plaintiffs' failure to state a claim showing they are entitled to relief from it. If the court does not dismiss Plaintiffs' complaints against American Home Mortgage, it also moves the court to amend its answer to assert a compulsory

counterclaim and add three affirmative defenses. In an effort to avoid dismissal, Plaintiffs move the court to allow them to amend their Complaint.

## ANALYSIS

### I.  Plaintiffs' Motion to Amend Complaint to Join Wells Fargo as a Defendant

Plaintiffs also moved to amend their Complaint to add a defendant to this suit, since it recently discovered from American Home Mortgage's Motion to Amend Answer that Wells Fargo served as trustee for Option One Mortgage. Since Wells Fargo "may have an interest in the subject Notes and Mortgages," Plaintiffs move the court to join it as a "necessary" defendant. Defendants argue that, since Plaintiffs seek to amend their Complaint after the Scheduling Order's deadline for taking such action has expired, Plaintiffs have the burden of showing not only "good cause" to allow amendment under Federal Rule of Civil Procedure 16(b), but also they must demonstrate good faith, no prejudice to the Defendants, and absence of futility under Rule 15(a). Defendants contend that Plaintiffs have failed to satisfy this burden.

Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Rule 16(b) mandates that a court's scheduling order "may be modified only for good cause and with the judge's consent." To be sure, the court's Conference and Scheduling Order listed January 12, 2009 as the deadline for the litigants to join other parties and amend the pleadings, (Docket Entry #12), and Plaintiffs' moved to amend their Complaint on February 13, 2009. In these instances, the Fourth Circuit has reasoned:

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Although Plaintiffs contend that they learned "for the first time" that Wells Fargo served as trustee for Option One through

American Home Mortgage's Motion to Amend Answer, the evidence indicates that, if such is the case, it is no fault of Defendants. Plaintiffs base their Complaint on a loan agreement they entered into with Sand Canyon Corporation f/k/a/ Option One Mortgage on June 5, 2006. Plaintiffs modified this original agreement by entering into a Loan Modification Agreement with Wells Fargo Bank on or about August 21, 2007, and the modification agreement specifically states that Wells Fargo Bank contracted with Plaintiffs in its capacity as "TRUSTEE FOR OPTION ONE MORTGAGE." (Def. Opp. to Mot. to Amend Compl. Ex. 1.) Therefore, it was apparent from the commencement of this litigation that Wells Fargo Bank participated in the transactions in question.

Plaintiffs also attempt to show good cause for joining Wells Fargo Bank to this action by designating it a "necessary party" under Rule 19. Plaintiffs contend that "complete relief cannot be accorded among those already parties without the addition of Wells Fargo as Trustee of Option One because it may claim to have or does have an interest in the subject notes and mortgages." (Mot. to Amend Compl. at 5.) Wells Fargo has not claimed an interest relating to Plaintiffs' adjustable rate mortgage, and Plaintiffs have not articulated a reason as to why they could not recoup complete relief without Wells Fargo joined as a defendant. Therefore, without addressing the issue of whether or not Wells Fargo even constitutes a necessary party, the court denies Plaintiffs' request to join Wells Fargo Bank as a defendant to this suit, as they have not shown good cause to permit such action. *See Northeast Drilling v. Inner Space Servs.*, 243 F.3d 25, 37 (1st Cir. 2001) (affirming a district court's decision to deny a party's motion to join a necessary party after the scheduling order's deadline to amend pleadings had passed and the court found that the moving party did not show good cause).

## II. Plaintiffs' Motion to Amend Complaint to Supplement Allegations Against American Home Mortgage Servicing, Inc.

Defendant American Home Mortgage Servicing, Inc. moved the court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c) because it does not state a viable claim against it. In response to American Home Mortgage's Motion to Dismiss, Plaintiffs moved to amend their Complaint, in an effort "to include additional allegations against American Home Mortgage Servicing, Inc. . . . which will merely supplemental [sic] the allegations contained in the existing causes of action." (Mot. to Amend Compl. at 1.)[1] As discussed in the preceding section, Plaintiff must show good cause to justify leave to amend their pleadings, since the court's deadline to do so has passed. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Plaintiffs seek to amend their Complaint "to supplement certain allegations to include newly learned facts and to correct alleged deficiencies asserted by American [Home Mortgage]."

The newly learned fact that Plaintiffs base their motion is that American Home Mortgage is the holder or owner of Plaintiffs' note and mortgage as opposed to just a servicer of the loan as American Home Mortgage contends.[2] It claims that American Home Mortgage is a holder or owner of its loan based on its answer to one of Plaintiffs' interrogatories, in which it identified itself as a "holder" of Plaintiffs' adjustable rate mortgage, as well as the fact that American

---

[1] American Home Mortgage brings to the court's attention that a close reading of Plaintiffs' proposed First Amended Class Action Complaint shows that Plaintiffs do not limit the amendments to allegations against American Home Mortgage and the joinder of Wells Fargo Bank, as Plaintiffs discussed in their Motion to Amend; rather, the proposed First Amended Class Action Complaint also includes amendments to the allegations asserted against H&R Block, Inc., amendments to the allegations against Sand Canyon Corporation, and a request for additional relief in the form of reformation of the loan contract. Since Plaintiffs did not address these amendments in their Motion to Amend Complaint, the court disregards those proposed amendments in its discussion and denies their addition to the Complaint.

[2] Paragraph 5 of Plaintiffs' Complaint acknowledges that American Home Mortgage is the "loan serving business of Option One," but the same paragraph in their proposed amended complaint lists it as the "holder and/or assignee of certain Notes(s) and Mortgage(s) which are the subject matter of the within action."

Home Mortgage moved the court to amend its Answer to add a compulsory counterclaim to bring a foreclosure action against Plaintiffs. According to Plaintiffs, American Home Mortgage could not assert a claim for foreclosure unless it is the owner or holder of Plaintiffs' note and mortgage. American Home Mortgage contends that it has never been the owner or holder of Plaintiffs' loan, and as such, it would prove futile to allow Plaintiffs' to amend their Complaint based on this erroneous fact.

American Home Mortgage explained that its identification of itself as the holder of Plaintiffs' note and mortgage "was an inadvertent error that clearly contradicted every statement made by American Home concerning its status in this loan transaction. Immediately upon learning of the error, American Home notified Plaintiffs' counsel of the error and served a corrected response." (Def. Reply to Mot. to Dismiss at 1 n.1.) In addition to this explanation, American Home Mortgage provided the Declaration of Joyce Banner, the Senior High Risk Specialist of American Home Mortgage, to support its position that it is merely a loan servicer, rather than the owner, holder, or assignee of Plaintiffs' note and mortgage. Ms. Banner declared that American Home Mortgage did not originate the Plaintiffs' loan or any loan in South Carolina; has never been the owner or holder of Plaintiffs' note and mortgage or of any note and mortgage in South Carolina; and did not communicate with or have any involvement with Plaintiffs' mortgage brokers involved in originating their loan. (Def. Opp. to Mot. to Amend Compl. Ex. 8 ¶¶ 4–5, 9.) According to Ms. Banner, American Home Mortgage's principal duties include, among other things, collecting, monitoring, and reporting loan payments; overseeing and instituting foreclosures on defaulted loans, and handling late payments and other delinquency issues. (*Id.* at p 10.)

Finally, American Home Mortgage refutes that it is the holder of Plaintiffs' loan merely because it seeks to institute a foreclosure action. Although a dispositive case under South Carolina law does not appear to exist, American Home Mortgage did direct the court's attention to a decision from the United States Bankruptcy Court for the District of South Carolina, where the court adopted the view that "a loan servicer, with a contractual duty to collect payments and foreclose mortgages in the event of default, has standing to move for relief from stay in the Bankruptcy Court." *In re Woodberry*, 383 B.R. 373, 379 (Bankr. D.S.C. 2008) ("[I]t appears that foreclosures and motions for relief from the stay are frequently brought by parties other than the beneficial owner [of the mortgage debt]."); s*ee also Bankers Trust v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (recognizing that both the lender and servicer of a mortgage have standing to foreclose, even if the loan servicer is not the holder of the mortgage).

Since the evidence and arguments provided by American Home Mortgage indicates it never was an owner, holder, or assignee of Plaintiffs' note and mortgage, and Plaintiffs' have not rebutted this argument with any of its own proof other than an inadvertent and erroneous answer to an interrogatory,[3] the court concludes that any amendments based on Plaintiffs' belief that American Home Mortgage is the owner, holder, or assignee of their mortgage would be futile. As such, Plaintiff has not shown good cause to amend its Complaint, and the court denies Plaintiffs' motion.

## III.  American Home Mortgage Servicing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(c)

Defendant American Home Mortgage Servicing Inc. moves the court to dismiss Plaintiffs' Complaint against it for failure to state a claim showing they are entitled to relief from

---

[3] Paragraph 29 of Plaintiffs' proposed amended complaint even states that "Plaintiffs were notified effective July 1, 2008, the *servicing* of their loan would transfer from Option One to American Home."

it.[4] Plaintiffs' Complaint states six claims: (1) declaratory judgment and injunctive relief; (2) violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act; (3) violation of the South Carolina Unfair Trade Practices Act; (4) negligent misrepresentation; (5) civil conspiracy; and (6) unconscionability.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

A review of Plaintiffs' Complaint reveals that, although they have asserted numerous specific factual allegations against Option One Mortgage, they have asserted very little specific factual allegations to support their causes of action against American Home Mortgage. Regarding American Home Mortgage, Plaintiffs merely allege the following: (1) that all

---

[4] Since the court denied Plaintiffs' Motion to Amend Complaint to assert claims against American Home Mortgage as a holder, owner, or assignee of Plaintiffs' note or mortgage, the court analyzes American Home Mortgage's motion using Plaintiffs original Complaint, which recognizes American Home Mortgage as a loan servicer.

Defendants engaged in the "unfair deceptive origination and servicing of adjustable rate loans secured by mortgages in South Carolina," (Comp. ¶ 1); (2) that American Home "is a Delaware corporation doing business in the State of South Carolina and that purchaser from H&R of the mortgage loan servicing business of Option One," (*Id.* ¶ 5); that "[t]hrough an undated letter with both Option One and [American Home Mortgage] logos at the top, Plaintiffs were notified effective July 1, 2008 the servicing of their loan would transfer from Option One to American Home," (*Id.* ¶ 28); and that "[o]n a monthly billing statement dated July 16, 2008, [American Home Mortgage] has indicated that Plaintiffs monthly payment was $1,750.62." (*Id.* ¶ 29.) From these allegations, American Home Mortgage is alleged to have been the servicer of Plaintiffs' loan,[5] and the court briefly discusses why American Mortgage is entitled to dismissal on each of Plaintiffs' claims.

### a. <u>Violation of Truth in Lending Act</u>

The Truth in Lending Act requires creditors to disclose certain information about the terms of the loan to the prospective borrower. *See, e.g.*, 15 U.S.C. §§ 1631–32; 15 U.S.C. § 1638; 12 C.F.R. § 226.17. "Only 'creditors' are liable under TILA and Reg[ulation] Z." *Mincey v. World Sav. Bank, FSB*, No. 2:07-3762-PMD, 2008 U.S. Dist. LEXIS 73898, at *38 (D.S.C. Aug. 15, 2008); *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (citations omitted). The TILA specifically defines the term "creditor":

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

---

[5] The court discussed above whey Plaintiffs' attempt to amend their Complaint to allege that American Home Mortgage constituted the holder or assignee of their note and mortgage would be futile.

15 U.S.C. § 1602(f). Regulation Z contains a similar provision:

> Creditor means: (i) A person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17). The definition of the term "creditor" requires both prongs to be met, and the allegations in Plaintiffs' Complaint indicate that American Home Mortgage does not qualify as a creditor under TILA. *Mincey*, 2008 U.S. Dist. LEXIS 73898, at *40; *see also Moore*, 6 F. Supp. 2d at 503 ("Since the debt is not payable to Crossstate, it was not a creditor subject to liability under TILA and Reg Z at the time of closing."). There is no allegation that Plaintiffs' obligation under the loan was initially payable to American Home Mortgage. In fact, Plaintiffs' Complaint alleges that it entered into the loan transaction with Option One on June 5, 2006, (Compl. ¶ 23), and did not receive notice that American Home Mortgage would be servicing its loan until July 1, 2008, approximately two years later. (*Id.* ¶ 29.) Plaintiffs argue that American Home Mortgage does not have to be involved with the origination of a loan to be subject to liability under TILA, since TILA subjects assignees of creditors to liability as well. 15 U.S.C § 1641. Nevertheless, Plaintiffs have not stated sufficient factual allegations to seek relief against American Home Mortgage as an assignee. See 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section *unless the servicer is or was the owner of the obligation*."). The court therefore grants the Motion to Dismiss filed by American Home Mortgage with respect to the TILA claim.

### b. **RESPA claim**

Congress enacted the Real Estate Settlement Procedures Act in an effort to insure home buyers received more effective advance disclosures of settlement costs and to decrease the amount of kickbacks or referral fees that have increased the costs of settlement services. *See* 12 U.S.C. § 2601(b). Plaintiffs reference §§ 2602 and 2607 of RESPA in their Complaint, which create a private cause of action in instances where a person gives or accepts "any fee, kickback, or thing of value" for a referral involving business incident to a real estate settlement service. American Home Mortgage contends that Plaintiffs have not made any factual allegations to support a claim that American Home Mortgage received any kickbacks or unearned fees when servicing their note and mortgage. Moreover, they argue that Plaintiffs only complain of failing to receive accurate and timely disclosures concerning their loan, but that Plaintiffs have not alleged any facts that would support a finding that American Home Mortgage was involved with Plaintiffs' loan at the time the disclosures were due. Plaintiffs did not address American Home Mortgage's argument in its response.

Plaintiffs do base their claim on all of the Defendants' failure to deliver all material disclosures required by RESPA, all of which "should have been delivered to the Plaintiffs . . . in a form they could keep prior to consummation of the loan transaction" or "in writing upon application for the loan or, at the least, three (3) days subsequent to the lenders receipt of the loan application." The court can dismiss this claim against American Home Mortgage by simply applying the facts as alleged in Plaintiffs' Complaint to these assertions. All of the material information that "Defendants" allegedly failed to disclose to Plaintiffs should have been disclosed, under Plaintiffs' own contentions, before the loan transaction was even entered into. Since Plaintiffs' allege that American Home Mortgage did not become involved with the

servicing of their note and mortgage until approximately two years after they entered into the loan agreement with Option One, Plaintiffs have failed to allege a RESPA claim against American Home Mortgage that is plausible on its face. Thus, the court dismisses this claim as against American Home Mortgage.

### c. <u>Violations of the South Carolina Unfair Trade Practices Act</u>

In order to recover pursuant to the South Carolina Unfair Trade Practices Act, Plaintiffs must prove: (1) a violation of the Act by the commission of an unfair or deceptive act in trade or commerce, (2) proximate cause, and (3) damages. *Schnellmann v. Roettger*, 368 S.C. 17, 23, 627 S.E.2d 742, 745–46 (Ct. App. 2006). Plaintiffs allege that "Defendants," collectively, violated the South Carolina Unfair Trade Practices Act by "failing to properly disclose the terms of the loan transaction; steering Plaintiffs . . . into higher interest rate loans to increase their profits; steering Plaintiffs . . . into loans they knew or should have known they could not afford to make the payments; making loans without consideration of the consumers' ability to repay the loan or mortgage; and placing consumer into loans with grossly unfavorable terms." (Compl. ¶ 59.) American Home Mortgage argues that Plaintiffs have failed to allege any facts to support the assertion that it violated SCUTPA, either in its involvement with the loan two years after its origination or derivatively. In response, Plaintiffs contend that the allegedly unconscionable loan issued to Plaintiffs applies to all Defendants and that American Home Mortgage has a relationship with Plaintiffs because it interacted with Plaintiffs regarding their loan transaction.

While Plaintiffs may have interacted with American Home Mortgage, as the servicer of their loan, Plaintiffs did not make any factual allegation to show that it was American Home Mortgage that failed to disclose the terms of the loan, steered Plaintiffs into higher interest rates that they could not afford, or made loans without considering consumers' ability to repay. Nor

have they alleged that American Home Mortgage had any part in creating the allegedly unconscionable loan at issue. Again, Plaintiffs' Complaint fails to assert any specific factual allegations against American Home Mortgage. Plaintiffs' merely allege that American Home Mortgage did not become involved with Plaintiffs' note and mortgage approximately two years after they entered into their loan transaction with Option One, and it appears that it simply serviced the loan pursuant to its terms. As noted above, Plaintiffs must "state a claim to relief that is plausible on its face" to survive a motion to dismiss, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and "[a] claim has facial plausibility when the plaintiff *pleads factual content* that allows the court to draw the reasonable inference that *the defendant is liable for the misconduct alleged*." *Id.* (emphasis added). Under the facts as alleged, the court finds that Plaintiffs have not stated a plausible claim under SCUTPA as against American Home Mortgage.

### d.  Negligent Misrepresentation

To state a claim for negligent misrepresentation Plaintiffs must show: (1) American Home Mortgage made a false representation to the plaintiff; (2) American Home Mortgage had a pecuniary interest in making the statement; (3) American Home Mortgage owed a duty of care to communicate truthful information to them; (4) American Home Mortgage breached that duty; (5) they justifiably relied on the representation; and (6) they suffered a pecuniary loss as a result of such reliance. *Schnellmann v. Roettger*, 368 S.C. 17, 20–21, 627 S.E.2d 742, 744 (Ct. App. 2006) (citation omitted). Plaintiffs argue that it alleged all of the essential elements of negligent misrepresentation; therefore, this claim should survive American Home Mortgage's Motion to Dismiss. Contrary to Plaintiffs' assertion, however, the United States Supreme Court has made it clear that, while "the pleading standard Rule 8 announces does not require detailed factual allegations, it demands more than . . . labels and conclusions or a formulaic recitation of the

elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Plaintiffs offered no factual assertion which shows it relied on a false representation made by American Home Mortgage that misled Plaintiffs with regard to the impact of the adjustable interest rate. Again, Plaintiffs' Complaint asserts that American Home Mortgage did not become involved with Plaintiffs' note and mortgage until approximately two years after they completed the loan transaction with Option One and that all American Home Mortgage did was send Plaintiffs a billing statement pursuant to the terms of loan agreement. Therefore, the court dismisses Plaintiffs negligent misrepresentation claim against American Home Mortgage.

### e. Civil Conspiracy

In South Carolina, a civil conspiracy exists when there is (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes the plaintiff special damage. *State Farm Fire & Cas. Co. v. Weaver*, 585 F. Supp. 2d 722, 728 (D.S.C. 2008) (citing *Future Group, II v. Nationsbank*, 324 S.C. 89, 100, 478 S.E.2d 45, 50 (1996)). "To properly plead a cause of action for civil conspiracy, Plaintiffs must allege certain acts carried out pursuant to the conspiracy." *BCD, LLC v. BMW Mfg. Co., LLC*, No. 6:05-2152, 2008 U.S. Dist. LEXIS 7410, at *76–77 (D.S.C. Jan. 31, 2008) (citing *Lee v. Chesterfield Gen. Hosp., Inc.*, 289 S.C. 6, 344 S.E.2d 379, 382 (S.C. Ct. App. 1986)). "The acts alleged to constitute the conspiracy cannot be identical to the acts alleged in support of other causes of action." *Id.* at *77 (citing *Kuznik v. Bees Ferry Assocs.*, 342 S.C. 579, 538 S.E.2d 15, 31 (S.C. Ct. App. 2000)).

In their Complaint, Plaintiffs only allege that, [o]n information and belief, Defendants along with mortgage brokers they affiliated with combined together to cover up and misrepresent the terms of the consumer loan products for the purpose of injuring the Plaintiffs. (Compl. ¶ 74.)

American Home Mortgage believes this claim should be dismissed as against it because Plaintiffs' Complaint alleges, as already discussed numerous times, that its first involvement with Plaintiffs' loan came in July 2008; whereas, Plaintiffs have also alleged that the "mortgage broker steered [them] into a transaction with Option One" in May and June 2006. (*Id.* ¶¶ 20–22.) Therefore, it contends that it could not have been a part of any alleged conspiracy to cover up the terms of the loan when it originated. Furthermore, American Home Mortgage contends that Plaintiffs have improperly based this claim on the same basic fact that support their other causes of action. *Kuznik*, 342 S.C. at 610, 538 S.E.2d at 31 ("An action for civil conspiracy will not lie if a plaintiff has obtained relief through other avenues."). To accept Plaintiffs' allegations as true, the court would have to infer that American Home Mortgage conspired with the other Defendants and mortgage brokers to "cover up and misrepresent" the terms of the loan to Plaintiffs and then waited two years before becoming involved with the allegedly unlawful scheme. Such an inference is unreasonable; therefore, the court dismisses this claim as against American Home Mortgage.

### f. <u>Unconscionability</u>

Plaintiffs Complaint alleges that "Defendants, through their agents, servants, and employees, financed numerous loans brokered by mortgage brokers," (Compl. ¶ 78), and that the terms and conditions pertaining to these loans are unconscionable because "(1) they were not entered into with consideration to the consumers ability to repay based on the initial rate or the adjusted rate; (2) they failed to clearly and conspicuously disclose how much and how soon the interest rate . . . would increase after the teaser rate expired; (3) they failed to clearly and conspicuously disclose [whether] monthly payments included amounts due for insurance and taxes . . .; (4) they failed to clearly and conspicuously disclose closing costs and fees; [and] (5)

they failed to disclose the true costs and risks associated with the false promise that refinancing would be available as an exit strategy when the loans became unaffordable after the interest rate adjusted." (Compl. ¶ 81.) Based on these assertions, Plaintiffs Complaint finally alleges that "the subject transactions were unconscionable at the time they were made." (*Id.* at ¶ 82.) Since the factual allegations of Plaintiffs' Complaint identify American Home Mortgage as merely the servicer of their loan, and does not allege that it employed mortgage brokers that worked with Plaintiffs, that it authored the loan agreements, or that it was involved with Plaintiffs' loan transaction at the time it was made, the court dismisses Plaintiffs' claim that the terms were unconscionable at the time the loan transaction was entered into as against American Home Mortgage. *See Short v. Wells Fargo Bank Minn., N.A.*, 401 F. Supp. 2d 549, 563 (S.D. W. Va. 2005) (dismissing TILA and unconscionability claims against a mortgage servicer that merely provided administrative functions).

### g. <u>Declaratory Judgment/Injunctive Relief</u>

Since the court has found that Plaintiffs have not alleged factual allegations sufficient to establish a plausible theory of liability against American Home, as servicer of their loan, the court dismisses Plaintiffs' claim for injunctive relief and declaratory judgment as against American Home Mortgage as well. To the extent Plaintiffs argue that American Home Mortgage cannot be dismissed because, as the servicer of the loan, it is a necessary party, courts have rejected this argument. In *Walker v. Gateway Financial Corp.*, a district court dismissed the servicer of a loan from a suit and rejected the plaintiff's argument that the servicer of the loan constituted a necessary party with an interest in the suit. 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003). The court reasoned:

> When the matter is looked at realistically, if any loan is indeed rescinded [the loan servicer] will automatically cease to have any collection or other function in

connection with that loan. Any concern that it may thereafter engage in improper reporting to credit agencies is totally speculative (really not a current case or controversy) and does not warrant its retention as a defendant. [The loan servicer] claims no independent stake in the matter, and its presence in the litigation is really unnecessary.

*Id.*

This reasoning compels this court to reach the same conclusion. Plaintiffs' Complaint predominately asserts allegations based on the loan agreement it entered into with Option One Mortgage, and the court is not convinced that Plaintiffs will likely suffer irreparably by American Home Mortgage's dismissal from this suit. Based on the allegations in their Complaint, Plaintiffs fail to state a claim plausible on its face as against American Home Mortgage; therefore, the court grants its Motion to Dismiss in its entirety.

## IV. H&R Block, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction

### a. Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)

When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakke*r, 886 F.2d 673, 676 (4th Cir. 1989). Yet when, as here, the district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction. *Id.* at 676. In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in favor of the plaintiff. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993). While Plaintiffs are entitled to have all reasonable inferences from the proof drawn in their favor, the court must also consider any other evidence provided by H&R Block in support of its motion. *Id.* at 62.

### b. **Personal Jurisdiction Over H&R Block**

Determining whether jurisdiction is proper is normally a two-step process: (1) determining if the state's long-arm statute confers jurisdiction and (2) whether the exercise of jurisdiction, if authorized, is consistent with the Due Process requirements of the Fourteenth Amendment. *Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208, 213 (4th Cir. 2002). Because South Carolina's long-arm statute is coextensive with the full reach of due process, *Federal Ins. Co. v. Lake Shore Inc.*, 886 F.2d 654, 657 n.2 (4th Cir. 1989), it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. *In re Celotex Corp.*, 124 F.3d 619, 627–28 (4th Cir. 1997) (citations omitted). "Rather, the statutory inquiry necessarily merges with the constitutional inquiry." *Id.* As such, in this case, the court's inquiry centers on whether exercising personal jurisdiction over H&R Block is consistent with the Due Process of the United States Constitution. *See id.*

A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). To meet this burden, Plaintiffs must demonstrate that H&R Block is subject to either specific or general jurisdiction in South Carolina. *Dtex, LLC v. BBVA Bancomer, S.A.*, 405 F. Supp. 2d 639, 644 (D.S.C. 2005), *aff'd*, 214 F. App'x 286 (4th Cir. 2007). Specific jurisdiction exists where a defendant's contacts with the forum state provide the basis for the suit. *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004). To decide whether specific jurisdiction exists, the court examines (1) the extent to which H&R Block purposefully availed itself of the privilege of conducting activities in South Carolina; (2) whether Plaintiffs' claims arise out of those activities

directed at South Carolina; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). To establish general jurisdiction over H&R Block, its activities in South Carolina must have been "continuous and systematic," a more demanding standard than is necessary for establishing specific jurisdiction. *Id.*

Plaintiffs do not specify whether they seek to establish personal jurisdiction over H&R Block based on specific or general jurisdiction. In their Complaint, Plaintiffs merely allege that "H&R Block, Inc. . . . is a Missouri corporation doing business in the State of South Carolina and the parent company of Option One." (Compl. at ¶ 4.) Besides this statement, Plaintiffs do not make any other allegations in their Complaint that relate to this court's jurisdiction over H&R Block. H&R Block contends that Plaintiffs have not satisfied their burden to establish that it is subject to personal jurisdiction in this court.

To establish that general personal jurisdiction does not exist over it, H&R Block provided the affidavit of Bret G. Wilson, the Vice President and Secretary of H&R Block, Inc, in which he attested that it is a corporation organized under the laws of Missouri with its principal place of business in Kansas City Missouri. Mr. Wilson further attested that H&R Block is not authorized to do business in South Carolina, and in fact, it is a holding company that conducts no business with consumers directly. Finally, Mr. Wilson declared that H&R Block does not have any officers, assets, facilities, or employees in South Carolina. To establish that specific personal jurisdiction does not exist, Mr. Wilson attested that H&R Block did not have any part in the loan transactions involving Plaintiffs, as it does not enter into contracts to supply services or products, or any other contracts requiring performance in South Carolina. According to Mr. Wilson, H&R Block does not set financing rates and terms for the origination of mortgages or finance

transactions and did not set financing rates or the terms for the origination of any mortgage with Plaintiffs. Furthermore, H&R Block did not author any forms for the origination of any mortgage with Plaintiffs, nor does it own or manage Plaintiff's loan accounts or the accounts of any members of the proposed class.

Based on the record before it, the court finds that Plaintiffs have not made a prima facie case of personal jurisdiction over H&R Block. According to its Vice President, it has not had sufficient minimum contacts with South Carolina that would cause it to anticipate being subject to suit here, and Plaintiffs have not shown or even alleged that it had any involvement with H&R Block during the loan transactions at issue. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 63 (4th Cir. 1993) (finding that a district court did not err in holding that the parent-subsidiary relationship between two companies was insufficient to justify the exercise of personal jurisdiction over the parent company in a forum with which it did not have sufficient minimum contacts). In the alternative to establishing personal jurisdiction over H&R Block directly, Plaintiffs appear to assert that the court may be able to exercise personal jurisdiction over H&R Block through Sand Canyon Corporation, as its "fifth-tier subsidiary."[6] As the parent corporation of Sand Canyon, Plaintiffs contend that they should be allowed to conduct jurisdictional discovery to determine the extent by which H&R Block asserted control over Sand Canyon, as well as the profits it earned from the adjustable rate mortgages originated by its subsidiary in South Carolina, because these facts, if proven, would establish sufficient contacts with the state to warrant a finding of personal jurisdiction.

---

[6] H&R Block explained in its memorandum that "Sand Canyon Corporation f/k/a Option One Mortgage Corporation is a wholly owned subsidiary of OOMC Holdings LLC, which is a wholly owned subsidiary of Block Financial LLC . . . , which is a wholly owned subsidiary of H&R Block Group, Inc., which is a wholly owned subsidiary of H&R Block, Inc." (H&R Block's Reply at 5.)

To show that Sand Canyon is not its "alter ego," Mr. Wilson attested that Sand Canyon is separate from and legally independent of H&R Block, as the corporate formalities between the companies are observed, the companies have separate officers and board of directors, and the companies maintain separate books, records, and financial accounts. Moreover, Mr. Wilson testified that H&R Block does not control the day-to-day management or operational activities of Sand Canyon Corporation, nor does it obtain direct revenue derived from services rendered in South Carolina. Lastly, H&R Block asserts that it does not own or manage Plaintiff's loan accounts or the accounts of any members of the proposed class. Based on this evidence, the court finds that Plaintiffs have not alleged an adequate basis to pierce the corporate veil between H&R Block and Sand Canyon. Their assertions that H&R Block controlled Sand Canyon prove speculative in light of the evidence presented by H&R Block, and "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see also Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.") (citation omitted). Therefore, the court grants H&R Block's Motion to Dismiss.

## V.    <u>Motion to Bifurcate Discovery</u>

Sand Canyon Corporation f/k/a Option One Mortgage Corporation, the remaining Defendant, moves the court for an order bifurcating discovery and limiting the first phase of discovery to issues relevant to class certification, and if the court certifies the class, then

permitting discovery on the merits in the second phase of discovery. Sand Canyon urges the court to bifurcate discovery because it will balance the rights of all the parties and will avoid prejudice to it. By allowing merits discovery to occur with class certification discovery, Sand Canyon contends that it will take months of legal work and cost it hundreds of thousands of dollars, all for a purported class that may not be certified. To support this assertion, Sand Canyon provided the affidavit of Dale M. Sugimoto, its President, in which he attested that "there are at least 8,115 loans made in South Carolina within the definition implicated by the Plaintiffs' proposed class." (Sugimoto Aff. ¶ 4.)

Plaintiffs argue that the only prejudice that will result if the court does not permit discovery to proceed in its normal course will be to them and the putative class members who risk losing their home to foreclosure because reaching the merits of this suit will be delayed. Plaintiffs further contend that bifurcated discovery would not allow them to prove violations of the South Carolina Unfair Trade Practices Act because the Act requires a showing that the acts of the Defendants are subject to repetition. This argument that the putative class members will not be able to prove a SCUTPA claim is without merit. A class action is one in which "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members." Fed. R. Civ. P. 23(a). The relevant portion of SCUTPA provides:

> Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, *but not in a representative capacity*, to recover actual damages.

S.C. Code Ann. § 39-5-140(a) (1976) (emphasis added). It seems clear from the language of SCUTPA that class action suits are forbidden under the Act, and the Fourth Circuit has

acknowledged this rule in *Gunnells v. Healthplan Services, Inc.,* 348 F.3d 417, 423 (4th Cir. 2003).

The Federal Rules of Civil Procedure require that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). To make early class determination practicable and to best serve the ends of fairness and efficiency, "courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) (citing *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)). Therefore, the court grants Sand Canyon Corporation's Motion to Bifurcate Discovery, as it finds that proceeding in such fashion will promote the interests of fairness and efficiency.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiffs Thomas J. Harris and Wanda O. Harris's Motion to Amend Complaint is **DENIED** and that Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss is **GRANTED**, which renders **MOOT** its Motion to Amend Answer. It is further **ORDERED** that Defendant H&R Block, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**, and Plaintiffs' Complaint against it is dismissed, without prejudice. Finally, it is **ORDERED** that Defendant Option One Mortgage Corporation's Motion to Bifurcate Discovery is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**July 17, 2009**
**Charleston, South Carolina**

22